IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

OSCAR SUAREZ,                                :
                                             :
           Plaintiff                         :
                                             :
VS.                                          :
                                             :
Warden WENDY THOMPSON, *et al.*,             :   NO. 5:05-cv-130(CAR)
                                             :
           Defendants                        :   **O R D E R**
                                             :

      Plaintiff **OSCAR SUAREZ** has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the above-named defendants. On August 3, 2005, the Court issued an Order to Show Cause instructing plaintiff to show why his lawsuit should not be dismissed for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff was instructed file his response within ten (10) days. Plaintiff was expressly informed that if he failed to comply with the Court's directive, his case would be dismissed. On August 11, plaintiff filed a motion for extension of time in which to respond to the Court's order. By order dated August 16, the Court granted plaintiff's motion and gave plaintiff until September 2 to submit his response. On August 22, it came to the Court's attention that plaintiff probably did not receive a copy of the Court's order due to his release from prison. The Clerk of Court that day mailed a copy of the August 16 order to plaintiff's new address.

      As of this date, plaintiff has not submitted a response. Plaintiff's complaint shows that he has failed to meet the precondition of administrative exhaustion. Moreover, the Court notes that exhaustion applies regardless of plaintiff's status as a former prisoner. ***See Harris v. Garner***, 216

F.3d 970, 974-78 (11th Cir. 2000) (*en banc*) (exhaustion required for released prisoner who was confined when he filed lawsuit). Accordingly, plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** because it fails to state a claim on which relief may be granted and because plaintiff failed to comply with the Court's Order to Show Cause.

    **SO ORDERED**, this 22nd day of September, 2005.

                          S/ C. Ashley Royal
                           C. ASHLEY ROYAL
                           UNITED STATES DISTRICT JUDGE

cr